A98A2001. ROLLESTON et al. v. CHERRY.
(504 SE2d 504)

MCMURRAY, Presiding Judge.

Plaintiff John Randolph Cherry, executor of the estate of Rebecca Wight Cherry Sims, filed an action against defendants Moreton Rolleston, Jr. Living Trust and Moreton Rolleston, Jr., seeking (in pertinent part) to set aside certain allegedly fraudulent conveyances. On July 7, 1995, the trial court entered an interlocutory injunction enjoining defendants from transferring any real or personal property without notifying and obtaining the trial court's approval. After the Supreme Court of Georgia affirmed this injunction, the trial court denied defendants' motion for summary judgment and refused to certify this order for interlocutory review. Defendants, nonetheless, filed a direct appeal from this interlocutory

---

order, which the trial court dismissed. Defendants then challenged the trial court's dismissal order via a direct appeal to the Supreme Court of Georgia. The Supreme Court of Georgia transferred this appeal in the case sub judice to this Court. *Held*:

Although a direct appeal may be taken from an order dismissing an appeal of the grant of an interlocutory injunction (*Azar v. Baird*, 232 Ga. 81, 83 (205 SE2d 273)), the appeal in the case sub judice is not from such an order. This appeal is from an order dismissing an unauthorized appeal of an interlocutory order denying defendants' motion for summary judgment. Such an interlocutory order is not appealable absent compliance with OCGA § 5-6-34 (b)'s interlocutory appeal procedures. See *Sharpe's Appliance Store v. Anderson*, 161 Ga. App. 112 (289 SE2d 312). Because defendants failed to comply with these procedures, this Court is without jurisdiction to consider the case sub judice, and this direct appeal must be dismissed. *English v. Tucker Fed. Sav. &c. Assn.*, 175 Ga. App. 69 (332 SE2d 365).

Plaintiff's request for frivolous appeal damages pursuant to Court of Appeals Rule 15 (b) is denied.

*Appeal dismissed. Blackburn and Eldridge, JJ., concur and concur specially.*

BLACKBURN, Judge, concurring specially.

I fully concur with the majority opinion with respect to the issue of this Court's lack of jurisdiction to consider this appeal. Additionally, I would impose a penalty of $1,000 upon appellants for frivolous appeal. However, I defer to the judgment of the author of the majority opinion on this matter.

I am authorized to state that Judge Eldridge joins in this opinion.

DECIDED JULY 7, 1998.

*Hall, Booth, Smith & Slover, Michael A. Pannier,* for appellants. *Moreton Rolleston, Jr.,* pro se. *Shelby A. Outlaw,* for appellee.

