S07G1388. AMERICAN MEDICAL SECURITY GROUP, INC. et al.
v. PARKER et al.

(663 SE2d 697)

SEARS, Chief Justice.

The controlling issue in this granted petition for certiorari is whether a party may directly appeal an order that finds that the party has committed an act of wilful contempt in failing to comply with a prior discovery order and that dismisses the party's answer and enters a default judgment as to liability as a sanction under OCGA § 9-11-37 (b) (2) (C). We conclude that such an order is not directly appealable as a contempt judgment under OCGA § 5-6-34 (a) (2) where, as in the present case, it does not impose a sanction that is available for criminal contempt and does not attempt to coerce compliance with the prior discovery order as in cases involving civil contempt. For these reasons, we affirm the Court of Appeals' dismissal of the appellants' appeal to that Court.

1. On October 3, 2006, the trial court entered an order finding that the appellants had failed to produce discovery documents as required by a prior discovery order for a period of over eighteen months; that the failure to produce was "wilful and flagrant"; and that the appellants were in wilful contempt of the prior discovery order. Under OCGA § 9-11-37 (b) (2) (C),[1] the trial court entered the discovery sanction of striking the appellants' answer and entering a default judgment as to liability. The appellants filed a notice of appeal from the October 3 order, but the appellees moved to dismiss the notice of appeal on the ground that the trial court had not issued a contempt order but only a discovery order that was not subject to direct appeal. On November 2, 2006, the trial court dismissed the appellants' notice of appeal. The trial court reiterated that, in the October 3 order, it had found that the appellants had committed an act of contempt, but concluded that its prior order was, in substance, not a contempt case within the meaning of OCGA § 5-6-34 (a) (2) because it did not impose a contempt punishment. The court, instead, ruled that its October 3 order was an interlocutory discovery order and that, as such, the order was not directly appealable.[2] The

---

[1] OCGA § 9-11-37 (b) (2) (C) provides, in relevant part, that, if a party "fails to obey an order to provide or permit discovery," the court may enter "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

[2] The special concurrence would defer to the trial court's characterization of its October 3 order as an interlocutory discovery order. However, whether the October 3 order was directly appealable as a contempt judgment or was an interlocutory discovery order is an issue of law that must be resolved by this Court.

appellants filed a timely notice of appeal to the Court of Appeals from the November 2 order.

The Court of Appeals subsequently dismissed the appeal by order. The Court implicitly concluded that the October 3, 2006, order was an interlocutory discovery order that was not directly appealable, and ruled that a trial court's order that dismisses an unauthorized interlocutory appeal is itself an interlocutory order and that a party seeking to appeal the dismissal must comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b). Because the appellants did not comply with those procedures, the Court of Appeals dismissed the appeal. We subsequently granted the appellants' petition for certiorari to review the Court of Appeals' ruling. For the reasons that follow, we affirm.

2. The appellate jurisdiction question of whether the Court of Appeals erred in dismissing the appellants' appeal of the trial court's November 2, 2006, order dismissing its appeal turns on whether the October 3, 2006, order was directly appealable. The reason is that a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal.[3] Conversely, as recognized by *Rolleston v. Cherry*,[4] a trial court's order dismissing an improperly filed direct appeal should be considered an interlocutory order and is not subject to a direct appeal.[5] Thus, in the present case, if the October 3, 2006, order was a final order of contempt and thus subject to a direct appeal under OCGA § 5-6-34 (a) (2),[6] the November 2, 2006, order dismissing that appeal is subject to a direct appeal. Conversely, if the October 3 order was an interlocutory discovery order, the Court of Appeals did not err "in concluding that the trial court's [November 2] dismissal of appellants' original notice of appeal from the [October 3] . . . was itself an interlocutory order which was only appealable pursuant to OCGA § 5-6-34 (b)."

3. We now address whether the trial court's October 3, 2006, order was a directly appealable order. The appellants contend that, under OCGA § 5-6-34 (a) (2), as construed in *Hamilton Capital Group v. Equifax Credit Information Svcs.*,[7] they had a right to a direct appeal of the trial court's October 3 order. More specifically,

---

[3] E.g., *Azar v. Baird*, 232 Ga. 81, 82-83 (205 SE2d 273) (1974).

[4] 233 Ga. App. 295, 296 (504 SE2d 504) (1998).

[5] The Court of Appeals' decisions in *Rodriguez v. Nunez*, 252 Ga. App. 56, 57-58 (555 SE2d 514) (2001), and *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 859-861 (424 SE2d 33) (1992), are consistent with the rules set forth in *Azar* and *Rolleston*, as the trial courts in those cases dismissed properly filed direct appeals by the appellants, and the Court of Appeals ruled that direct appeals from the dismissal orders were appropriate.

[6] Under OCGA § 5-6-34 (a) (2), a party may take an appeal from judgments "involving . . . contempt cases."

[7] 266 Ga. App. 1 (596 SE2d 656) (2004).

the appellants contend that the trial court found that they had committed an act of contempt in violating a prior discovery order, that the court punished them by dismissing their answer and entering a default judgment as to liability, and that the order should thus be considered a contempt case within the meaning of OCGA § 5-6-34 (a) (2). We disagree.

4. We begin with the proposition that "the appealability of an order is determined, not by its form or the name given to it by the trial court, but rather by its substance and effect."[8] The issue here is whether the trial court's order is an interlocutory discovery order imposing sanctions on the appellants or is a contempt judgment. If the former, the order falls under the general rule that orders imposing discovery sanctions under OCGA § 9-11-37, including orders that contain harsh sanctions such as the entry of a default judgment as to liability, are not directly appealable.[9] On the other hand, if the trial court's order is in substance a judgment of contempt, the order is directly appealable under OCGA § 5-6-34 (a) (2). A number of factors convince us that the trial court's order was in substance an interlocutory sanctions order that is not directly appealable.

5. There are two kinds of contempt for violations of court orders, civil and criminal, and the sanction of dismissing an answer and entering a default judgment on liability does not fall within either category.[10] " 'The distinction between criminal and civil contempt is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.' "[11] As for criminal contempt, a superior court's power to punish for it is limited by OCGA § 15-6-8 (5), which gives superior courts the authority to impose fines not exceeding $500 and impris-

---

[8] *First Christ Holiness Church v. Owens Temple First Christ Holiness Church*, 282 Ga. 883, 885 (655 SE2d 605) (2008).

[9] *Lightwerk Studios v. Door Units of Ga.*, 184 Ga. App. 148, 149 (361 SE2d 32) (1987); *D & H Marketers v. Freedom Oil & Gas*, 744 F2d 1443, 1444-1446 (10th Cir. 1984); 6 Moore's Federal Practice § 26.07[1]-[5], at 26-45 to 26-62 (3rd ed. 2008). See also *State Farm Mut. Auto. Ins. Co. v. Health Horizons*, 264 Ga. App. 443 (590 SE2d 798) (2003); *GMC v. Conkle*, 226 Ga. App. 34 (486 SE2d 180) (1997) (after interlocutory orders dismissing an answer and granting default judgment on liability, appellate court granted application for interlocutory appeal). Some sanction orders, such as the dismissal of a complaint, will constitute final judgments and thus will be directly appealable. Although the doctrine is not implicated in this case, other discovery orders might be subject to direct appeal under the collateral order doctrine. See *Britt v. State*, 282 Ga. 746, 748 (653 SE2d 713) (2007).

[10] *Ford v. Ford*, 270 Ga. 314, 315 (509 SE2d 612) (1998); *Alexander v. DeKalb County*, 264 Ga. 362, 364 (444 SE2d 743) (1994); *Carey Canada, Inc. v. Hinely*, 257 Ga. 150, 151 (356 SE2d 202) (1987); *Ensley v. Ensley*, 239 Ga. 860, 861-862 (238 SE2d 920) (1977).

[11] *Ford*, 270 Ga. at 315-316 (quoting *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462 (491 SE2d 60) (1997)).

onment not exceeding 20 days.[12] Thus, in the present case, the sanction of dismissing the appellants' answer and entering a default judgment cannot be considered a punishment for criminal contempt. Moreover, it does not constitute a punishment for civil contempt, as the order was unconditional and was not intended to coerce compliance with the prior discovery order.

The Supreme Court has stated that there are significant differences between civil contempt and a sanction order under Rule 37 of the Federal Rules of Civil Procedure.[13] In *Cunningham*, the Court noted that " 'civil contempt is designed to force the contemnor to comply with an order of the court,' " whereas a sanction under Rule 37, in contrast, "lacks any prospective effect and is not designed to compel compliance."[14]

Thus, contrary to the appellants' assertion that there was a contempt punishment imposed on them, we conclude that the sanction imposed by the trial court does not constitute either criminal or civil contempt punishment. In a ruling consistent with our conclusion, the Illinois Supreme Court held that a trial court may not make a discovery order containing the sanction of a default judgment as to liability directly appealable by framing the order in contempt language.[15]

6. Furthermore, OCGA § 9-11-37 itself recognizes the foregoing difference between a punishment for contempt and a discovery sanction such as that imposed by the trial court in the present case.

OCGA § 9-11-37 (b) (2) provides that, if a party fails to comply with a prior order compelling discovery, a trial court may sanction the party by making "such orders in regard to the failure as are just" and may choose from, among other things, the list of five sanctions specified by OCGA § 9-11-37 (b) (2) (A)-(E). More specifically, the court may, as in this case, dismiss the party's answer and enter a default judgment as to liability,[16] or it may, instead of or in addition to the foregoing, treat the failure to comply with the motion to compel as a "contempt of court."[17] Because the General Assembly has specified that the sanction of dismissing an answer is a different punishment than the sanction of contempt, we decline to conclude, as urged by the appellants, that the sanction the trial court entered in this case was a punishment for contempt.

---

[12] *Mathis v. Corrugated Gear*, 263 Ga. 419, 422 (435 SE2d 209) (1993).

[13] *Cunningham v. Hamilton County*, 527 U. S. 198, 207 (119 SC 1915, 144 LE2d 184) (1999).

[14] Id. (citation omitted).

[15] *People ex rel. General Motors Corp. v. Bua*, 226 NE2d 6, 12-13 (Ill. 1967).

[16] OCGA § 9-11-37 (b) (2) (C).

[17] OCGA § 9-11-37 (b) (2) (D).

7. In addition, contrary to the appellants' contention, the Court of Appeals' decision in *Hamilton*[18] does not support a ruling that the trial court imposed a contempt judgment on them from which they have a right of direct appeal.

First, *Hamilton* did not involve a discovery sanction. Instead, Hamilton Capitol Group failed to comply with a prior order of the trial court requiring Hamilton to pay Equifax for certain services. The trial court ruled that Hamilton was in contempt of the prior order, that Hamilton could purge itself of the contempt by paying Equifax $327,182.20 within ten days of the order, and that, if Hamilton failed to purge the contempt, the court would enter a judgment against it in the foregoing amount. Hamilton directly appealed the order, and Equifax moved to dismiss the appeal on the ground that the contempt order was interlocutory since it gave Hamilton the opportunity to purge the contempt before punishment was imposed. The Court of Appeals concluded that the order was an appealable order of contempt under OCGA § 5-6-34 (a) (2), reasoning, in part, that, since "the primary purpose of a civil contempt is to coerce compliance with an order of the court, it makes sense that once the trial court has entered an order coercing such compliance, a party may directly appeal that order."[19]

We conclude, however, that the rationale of *Hamilton* is not applicable when, as in the present case, a trial court enters an order that finds that a party has engaged in an act of contempt for failing to comply with a prior discovery order but that does not impose any criminal or civil contempt punishment or attempt to coerce compliance with a prior order before punishment for contempt is imposed. In other words, such judgments do not constitute contempt cases within the meaning of OCGA § 5-6-34 (a) (2).

8. Finally, if we were to adopt the appellants' position, we would defeat one of the purposes of OCGA § 9-11-37. In this vein, the Supreme Court has held that Federal Rule of Civil Procedure 37 (a) was "designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process" and that to permit direct appeals from interlocutory discovery sanction orders would undermine that purpose.[20]

> Immediate appeals of such orders would undermine trial judges' discretion to structure a sanction in the most effective manner. They might choose not to sanction an attorney, despite abusive conduct, in order to avoid further

---

[18] 266 Ga. App. 1.

[19] Id. at 3 (citation omitted).

[20] *Cunningham*, 527 U. S. at 208-209.

delays in their proceedings. Not only would such an approach ignore the deference owed by appellate courts to trial judges charged with managing the discovery process, it also could forestall resolution of the case as each new sanction would give rise to a new appeal. The result might well be the very sorts of piecemeal appeals and concomitant delays that the final judgment rule was designed to prevent.[21]

To impose harsh discovery sanctions such as dismissing an answer and entering a default judgment on liability under OCGA § 9-11-37 (b) (2) (C), a trial court must find, after a hearing, that the party against whom the sanction is imposed wilfully failed to comply with a prior discovery order.[22] Thus, in such cases, a trial court must find that the party against whom the sanction is entered has engaged in an act of contempt.[23] This is true whether, as in the present case, the trial court labels the violation of the prior order an act of contempt or, as in other cases, simply finds that a party wilfully violated a prior discovery order.[24]

Thus, to adopt the appellants' position would permit direct appeals of all interlocutory discovery orders that require a finding of wilfulness. This rule would significantly curtail a trial court's discretion to address serious discovery abuses. A trial court might decide to completely forego any sanction that requires a finding of a wilful violation of a discovery order in order to avoid a significant delay in the trial that would be occasioned by a direct appeal by the disobedient party.

For the foregoing reasons, we conclude that the trial court's October 3, 2006, order does not make this appeal a contempt case within the meaning of OCGA § 5-6-34 (a) (2), that it was thus not directly appealable, and that, accordingly, the Court of Appeals properly dismissed the appellants' appeal.

*Judgment affirmed. All the Justices concur, except Hines, J., who concurs specially.*

---

[21] Id. at 209.

[22] *Ford Motor Co. v. Gibson*, 283 Ga. 398, 402 (2) (659 SE2d 346) (2008); *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211 (538 SE2d 441) (2000). A finding of wilfullness might also be required when other sanctions, such as excluding critical evidence under OCGA § 9-11-37 (b) (2) (B), are imposed. See 7 Moore's Federal Practice § 37.50[2][b] at 37-85 (3rd ed. 2008).

[23] See generally *Knott v. Knott*, 277 Ga. 380, 381 (589 SE2d 99) (2003) (to be found in contempt, a party must have wilfully refused to comply with a court's order).

[24] *First Christ Holiness Church*, 282 Ga. at 885 ("[T]he appealability of an order is determined, not by its form or the name given to it by the trial court, but rather by its substance and effect.").

BENHAM, Justice, concurring.

I concur in the majority's affirmance of the Court of Appeals' dismissal of the second notice of appeal filed by appellants. I write separately to point out that, by necessity, the lengthy and complex majority opinion has but one reason for its existence — the trial court's dismissal of the first notice of appeal. While the appeal before us is not in a posture to address the issue, I question the trial court's authority to dismiss a notice of appeal on the ground that the order being appealed is not subject to direct appeal. OCGA § 5-6-48 sets out the grounds for dismissal of an appeal. Subsection (b) lists the three mandatory grounds for dismissal (untimely notice of appeal; the decision or judgment is not then appealable; and mootness), and "[a]ll three relate to dismissal by the appellate courts." *Young v. Climatrol Southeast Distrib. Co.*, 237 Ga. 53, 55 (226 SE2d 737) (1976). See *Bd. of Commrs. of Atkinson County v. Guthrie*, 273 Ga. 1 (1) (537 SE2d 329) (2000) ("OCGA § 5-6-48 (b) lists three grounds for an appellate court to dismiss an appeal"); *Sellers v. Nodvin*, 262 Ga. 205 (1) (415 SE2d 908) (1992) (quoting *Young v. Climatrol*). Subsection (c) of OCGA § 5-6-48, "[t]he provision authorizing the trial court to dismiss an appeal" (*Young v. Climatrol*, supra, 237 Ga. at 55), permits the trial court to dismiss an appeal only when there has been an unreasonable delay in filing the transcript or in transmitting the record to the appellate court and, after notice and a hearing, the trial court has determined the delay was inexcusable and caused by the appealing party. *Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 860 (424 SE2d 33) (1992). The trial court has very broad discretion when deciding whether an appeal should be dismissed for delay (*Russell Morgan Landscape Mgmt. v. Velez-Ochoa*, 252 Ga. App. 549, 550 (556 SE2d 827) (2001)), and the exercise of that discretion is subject to review by the appellate courts by means of a direct appeal from the order dismissing the appeal. See *Gilman Paper Co. v. James*, 235 Ga. 348, 349 (219 SE2d 447) (1975); *Castleberry's Food Co. v. Smith*, supra, 205 Ga. App. at 860.

Under the statutory scheme, a trial court is limited in the circumstances in which it can dismiss an appeal and the appellate standard of review is whether the trial court's decision was an abuse of discretion. However, in *Jones v. Singleton*, 253 Ga. 41 (1) (316 SE2d 154) (1984), the trial court overstepped its statutory authority and dismissed a notice of appeal on the ground that the judgment was not then appealable. Without any discussion regarding the trial court's authority to dismiss the appeal, this Court summarily affirmed the trial court's action, observing that no final judgment had been entered. In so doing, the Court gave trial courts authority to dismiss appeals based on OCGA § 5-6-48 (b) (2), and trial courts exercised the new authority. See, e.g., *Northen v. Mary Anne Frolick*

*& Assoc.*, 235 Ga. App. 804 (510 SE2d 122) (1998). The proverbial camel's nose was in the tent, and the rest of the dromedary soon followed. While serving on the Court of Appeals, I authored an opinion which, after noting the lack of statutory authority for the trial court's action, expressly followed this Court's lead in *Jones v. Singleton* expanding the authority of the trial court to dismiss an appeal and affirmed the trial court's dismissal of an appeal for mootness under OCGA § 5-6-48 (b) (3). *Attwell v. Lane Co.*, 182 Ga. App. 813 (1) (357 SE2d 142) (1987). See also *Dept. of Human Resources v. Chambers*, 211 Ga. App. 763, 765 (441 SE2d 77) (1994) ("A trial court is empowered to dismiss a notice of appeal where the questions presented have become moot"). This Court endorsed that endowment of new authority on the trial courts in *Grant v. Gaines*, 265 Ga. 159 (454 SE2d 489) (1995). In *Crumbley v. Wyant*, 183 Ga. App. 802 (360 SE2d 276) (1987), the Court of Appeals completed the trifecta when, citing *Jones v. Singleton* and *Attwell v. Lane Co.*, it addressed the merits of a trial court's dismissal of a notice of appeal as untimely. OCGA § 5-6-48 (a) (1).

The judicially-sparked movement to empower trial courts with the same ability to dismiss cases as appellate courts has not been without pause. In addition to my expression of reservation in *Attwell*, the Court of Appeals has set out "the strictly limited circumstances" under which a trial court may properly dismiss an appeal pursuant to OCGA § 5-6-48 (c), noted the appellate decisions allowing trial court encroachment on what was formerly the exclusive domain of the appellate courts, and declined "to divest [the appellate courts] of the responsibility for delineating the scope of appellate jurisdiction pursuant to OCGA § 5-6-35 and to place that authority on overburdened trial courts." *Castleberry's Food Co. v. Smith*, supra, 205 Ga. App. 860 (1) (holding the trial court was without authority to dismiss an appeal on the ground that the amount of the judgment required the appellant to file an application for discretionary review). See also *Rodriguez v. Nunez*, 252 Ga. App. 56 (2) (555 SE2d 514) (2001) (trial court erred in dismissing appeal on the ground that the case was a domestic relations matter which required the appellant to file an application for discretionary review). This Court has also questioned, without deciding, the extent of the authority given a trial court by OCGA § 5-6-48 to dismiss an appeal. In *Seig v. Seig*, 265 Ga. 384 (1) (455 SE2d 830) (1995), the cross-appellant appealed the trial court's denial of a motion to dismiss the appeal filed by the appellant. Noting that the appellant was entitled to a direct appeal from the trial court's entry of an interlocutory injunction, this Court found no error in the trial court's denial of the motion to dismiss the appeal, "even assuming, arguendo, that a trial court has the authority under OCGA § 5-6-48 to dismiss an appeal. . . ." See also *Riley v. State*, 280

Ga. 267 (626 SE2d 116) (2006), in which we affirmed the trial court's dismissal of a notice of appeal as untimely and included a parenthetical reference to the assumption in *Seig* that the trial court has authority under OCGA § 5-6-48 to dismiss an appeal.

The case at bar is a prime example of how muddy the waters can become when we stray from the statutory path. If the trial court had not dismissed the appeal in November 2006 by using a ground statutorily reserved to the appellate courts, the appeal would have been docketed in the Court of Appeals which, in all likelihood, would have dismissed the direct appeal for failure to follow the procedure for obtaining interlocutory review. Instead, the trial court's dismissal of the appeal on the ground that the decision was not then appealable (OCGA § 5-6-48 (b) (2)), has caused an appeal from the dismissal order which requires this Court to determine whether the trial court's order which is the subject of the dismissed appeal was a directly appealable judgment of contempt or merely an order imposing sanctions for discovery — just so this Court can decide that the appeal was properly dismissed by the Court of Appeals. It is not supposed to be that difficult. If we were to once again acknowledge and abide by the statutory delineation of authority to dismiss appeals, the appellate courts would decide if a notice of appeal were untimely, if a judgment were not yet appealable, or if a question were moot, and would review for abuse of discretion a trial court's dismissal of an appeal for an unreasonable delay in filing a transcript or transmitting a record. The case at bar and the opinion it has wrought make me long for those days.[25]

I am authorized to state that Justice Carley joins this concurrence.

HINES, Justice, concurring specially.

I must concur with the determination that the ruling at issue is not within the purview of OCGA § 5-6-34 (a) (2), which confers a right of direct appeal for judgments in "contempt cases." I am persuaded to do so because the superior court itself considered the gravamen of its ruling as one for sanctions under OCGA § 9-11-37 (b) (2) (C) rather than a judgment of contempt.

Following entry of this October 3, 2006 order sanctioning the appellants by striking their answer and entering a judgment of liability against them, the appellants filed a notice of appeal to the

---

[25] I wholeheartedly endorse footnote 2 of the majority opinion. The question of whether the trial court's order on contempt/discovery sanctions was directly appealable or interlocutory in nature was one to be resolved by the appellate court upon receipt of the appeal pursuant to the filed notice of appeal. Instead, the trial court improperly decided its order was interlocutory in nature and improperly dismissed the notice of appeal pursuant to OCGA § 5-6-48 (b) (2).

Court of Appeals; however, the appellees filed a motion in the superior court to dismiss the appeal as premature, contending that the order was interlocutory. On November 2, 2006, the superior court issued an order granting the motion to dismiss the appeal as premature.[26] In this dismissal order, the superior court made plain that regardless of its finding in the October 3, 2006 order that the appellants were in "wilful contempt" of a prior court ruling regarding discovery, the purpose of the order was not to hold appellants in contempt or to impose penalties based upon any acts of contumacy; instead, the intent of the order was to sanction appellants for abuse of discovery under OCGA § 9-11-37. Indeed, the dismissal order expressly finds that the October 3, 2006 order "did not attach [the appellants] for contempt and no penalty or punishment for contempt was levied," but instead that order "imposed discovery abuse sanctions under O.C.G.A. § 9-11-37."

A superior court has the authority to interpret and clarify its own orders, including the power to shed light on the scope of an earlier ruling. *Barlow v. State*, 279 Ga. 870, 872 (621 SE2d 438) (2005); *Blair v. Blair*, 272 Ga. 94, 96 (1) (527 SE2d 177) (2000); *King v. Bishop*, 198 Ga. App. 622, 624 (402 SE2d 307) (1991). Here, by its subsequent order, the superior court made plain that it did not intend to enter a substantive judgment of contempt against the appellants and that its finding regarding the appellants' "wilful contempt" was, in effect, superfluous. Although unquestionably it is for this Court to make the ultimate legal determination as to the nature of the order at issue, this Court should not ignore the clear intent behind the order. Consequently, I cannot conclude that this is a "contempt case" subject to the right of direct appeal under OCGA § 5-6-34 (a) (2).

DECIDED JULY 7, 2008.

*Moore, Ingram, Johnson & Steele, Robert D. Ingram, Alexander T. Galloway III, Christopher D. Gunnels*, for appellants.

*Roy E. Barnes, John F. Salter, Jr., Allison B. Salter, Steven W. Couch*, for appellees.

---

[26] Appellants sought a direct appeal from the dismissal order to the Court of Appeals. Citing *Rolleston v. Cherry*, 233 Ga. App. 295, 296 (504 SE2d 504) (1998), the Court of Appeals dismissed the appeal on the basis that "an appeal from an order entered by the trial court to dismiss an unauthorized appeal of an interlocutory order must itself comply with the interlocutory appeal procedures."