A09A1488. OWENS et al. v. ST. VICTOR et al.
(684 SE2d 423)

ADAMS, Judge.

Appellees Robinson St. Victor and The Phoenix Group, LLC filed a complaint for breach of contract and fraud (misrepresentation) against several corporate defendants and appellant Terrence Owens in his individual capacity. On May 21, 2008, the trial court entered an order granting plaintiffs' motion to compel discovery and ordered the corporate defendants and Owens to pay attorney fees to plaintiffs' attorney. Owens, pro se, moved for reconsideration of that order. The trial court denied Owens' motion.

Owens filed a notice of appeal from the denial of the motion for reconsideration on July 18, 2008, and filed an amended notice of appeal on August 18, 2008. After Owens filed his initial notice of appeal, plaintiffs filed a motion seeking to have the defendants held in contempt and for sanctions to be awarded against them on account of their failure to comply with the court's May 21 order. Plaintiffs filed a motion to dismiss Owens' appeal based on his failure to pay costs in the trial court. See OCGA § 5-6-48 (c). On September 12, 2008, Thelma Owens filed a "Motion for Invocation by a Third Party," seeking to be allowed to, inter alia, express her interest in the case and requesting that the trial court clarify its previous orders concerning the compliance with discovery orders.

On September 18, 2008, the trial court entered an order granting plaintiffs' motion for contempt and sanctions against two of the corporate defendants,[1] ordering them to pay additional fees to plaintiffs' attorney, and striking and dismissing their answer and any and all other pleadings.

On December 1, 2008, the trial court entered an order dismissing Terrence Owens' appeal for failure to pay costs. In that same order, the trial court denied Thelma Owens' motion for invocation by a third party. On December 5, 2008, Terrence Owens and Thelma Owens filed a joint notice of appeal from that order.

At the outset we must address an issue of appellate jurisdiction not raised by the parties. It appears from the record that at the time the notice of appeal was filed on December 5, 2008, the case

---

[1] According to the trial court's order, the remaining two corporate defendants had sought the protection of Chapter 7 bankruptcy.

remained pending below as to all defendants.[2] Although the trial court had stricken the corporate defendants' answers, no final judgment had been entered as to those defendants or Terrence Owens. Thus, appellants were required to follow the interlocutory appeal procedures of OCGA § 5-6-34 (b). Moreover, we note that the case was also pending at the time Terrence Owens filed his original notice of appeal on July 18, 2008, which was, in any event, an appeal from the denial of a motion for reconsideration of an adverse interlocutory discovery order. Thus, a direct appeal was not authorized at that time, and any appeal from an order dismissing such an appeal would also have been interlocutory in nature. See *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008).

Based on the foregoing, we lack jurisdiction to consider this appeal, which is accordingly dismissed.

*Appeal dismissed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 2, 2009.

Terrence Owens, *pro se.*
Thelma Owens, *pro se.*
*Robinson St. Victor*, for appellees.

---

[2] Indeed, after the notice of appeal was filed on December 5, 2008, the trial court entered an order extending the discovery period.