# Court of Appeals
# of the State of Georgia

ATLANTA, July 01, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0418. CHARMAINE AHMED v. DEUTSCHE BANK NATIONAL TRUST COMPANY.**

Deutsche Bank National Trust Company obtained a dispossessory judgment against Charmaine Ahmed in magistrate court. Ahmed appealed to the state court. The state court entered a writ of possession in the Bank's favor due to Ahmed's failure to pay rent into the registry of the court pending resolution of the appeal. Ahmed then filed a "Notice of Appeal" and "Notice of Intent to Appeal, Application for Discretionary Appeal" in the state court. The state court dismissed those pleadings on the ground that Ahmed was not entitled to a direct appeal. From that dismissal order, Ahmed filed this application for discretionary appeal. We, however, lack jurisdiction.

As the state court made clear in its dismissal order, Ahmed's appeal remains pending below, and no final judgment has been entered. Therefore, in order to obtain review of the writ of possession, Ahmed was required to file an application for interlocutory appeal as provided in OCGA § 5-6-34 (b). See *Rivera v. Housing Authority of Fulton County*, 163 Ga. App. 648 (295 SE2d 336) (1982). The trial court properly dismissed Ahmed's attempts to file a direct appeal from the writ of possession. And "a trial court's order dismissing an improperly filed direct appeal" is also an interlocutory order that may be appealed only by compliance with the interlocutory appeal procedure. *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). Thus, to appeal the dismissal order, Ahmed had to follow the protocol of OCGA § 5-6-34 (b). Ahmed did not do this; instead, she filed this application for discretionary appeal. But OCGA § 5-6-35, the discretionary

appeal statute, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

Ahmed's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction over this application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  07/01/2013
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*