# Court of Appeals
# of the State of Georgia

ATLANTA,      April 13, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1288.  JOHN CLARK, et al. v. JP MORGAN CHASE BANK, N. A., et al.**

John Clark, through his attorney Grady Roberts, filed a wrongful foreclosure action against two defendants. The trial court dismissed the matter as to one defendant, and Clark filed a notice of appeal.  Later, the trial court dismissed the matter as to the other defendant.  Clark did not appeal from that final judgment.  The defendants then filed a joint motion to dismiss Clark's notice of appeal as interlocutory and for failure to pay costs.  The court granted their motion, and Clark filed this appeal.  We, however, lack jurisdiction.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008).  However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal.  See id.  Here, Clark's first appeal was from an interlocutory order, so it was not a properly filed direct appeal.  Accordingly, the trial court's order dismissing it is not subject to direct appeal under this general rule.

In addition, because Clark's first appeal was not properly filed, the propriety of the trial court's dismissal of that appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist).  And pursuant to OCGA § 5-6-48 (b) (3), an appeal of an issue that has become moot is subject to dismissal.  For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*_____04/13/2015_____
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*