# Court of Appeals
# of the State of Georgia

ATLANTA,___June 16, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1899.  GOTTFRIED KAPPELMEIER v. ANGEL LENETTE CARSON.**

In October 2013, Gottfried Kappelmeier filed suit against Angel Lenette Carson. When Kappelmeier failed to serve Carson, the trial court dismissed the case by order entered March 20, 2014. Kappelmeier filed a motion to set aside, which the trial court denied on April 8, 2014. Kappelmeier filed a notice of appeal from this ruling. The trial court dismissed the notice of appeal on March 9, 2015, and Kappelmeier filed a notice of appeal from this ruling on March 23, 2015.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal.  See id. Here, Kappelmeier's first appeal was from an order denying a motion to set aside.  And an appeal from an order denying a motion to set aside a judgment under OCGA § 9-11-60 (d) must be taken by application for discretionary review.  See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). Thus, Kappelmeier's appeal was not a properly filed direct appeal.  Accordingly, the trial court's order dismissing it is not subject to direct appeal.

In addition, because Kappelmeier's first appeal was not properly filed, the propriety of the trial court's dismissal of that appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist).  And pursuant to OCGA § 5-6-48 (b) (3), an appeal of an issue that has become moot is subject to dismissal.  For

these reasons, this appeal is hereby DISMISSED.

We note that Kappelmeier has filed more than 20 actions in this Court, many of which lacked merit and were summarily dismissed. We have repeatedly cautioned Kappelmeier of this Court's power to impose sanctions upon a party who files frivolous applications or notices of appeal. See Court of Appeals Rule 15 (b). In fact, in August 2013, we fined Kappelmeier for filing a frivolous appeal. See Case Number A13D0505. At this juncture, we will exercise our discretion and decline to fine Kappelmeier. But we reiterate our warning that further frivolous filings may subject him to sanctions.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 06/16/2015

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*