# Court of Appeals
# of the State of Georgia

ATLANTA,    September 21, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0043. BRADLEY JORDAN v. THE CITY OF FLOWERY BRANCH et al.**

Bradley Jordan sued The City of Flowery Branch and others for intentional infliction of emotional distress, false arrest, false imprisonment, malicious prosecution, and other claims. The defendants made an offer of settlement, which Jordan rejected. The defendants then filed a motion for summary judgment, which the trial court granted on December 19, 2014. On January 20, 2015, after Jordan's time to appeal had expired, the defendants filed a motion for attorney fees pursuant to OCGA § 9-11-68. The trial court denied the motion on March 10, 2015. Jordan subsequently filed a notice of appeal from the March 10, 2015 order. The defendants moved to dismiss the notice of appeal, and the trial court granted their motion, noting that Jordan is not permitted to appeal from an order finding in his favor. Before us is Jordan's direct appeal from the order dismissing his notice of appeal. We, however, lack jurisdiction.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal. See id. Here, Jordan's first appeal was from an order that actually found in his favor – it denied the defendants' motion for attorney fees. As such, Jordan's appeal of this order was not a properly filed direct appeal. See *In the Interest of J. R. P.*, 287 Ga. App. 621, 622 (1) (652 SE2d 206) (2007) (a person may only challenge a ruling that has adversely affected his or her own rights). Accordingly, the trial court's order dismissing it is not subject to direct appeal under this general rule.

In addition, Jordan's first appeal was not properly filed because he was not entitled to a direct appeal from an order entered in his favor. Therefore, the propriety of the trial court's dismissal of that appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist). And pursuant to OCGA § 5-6-48 (b) (3), an appeal of an issue that has become moot is subject to dismissal. For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,*_____09/21/2015_____
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
                  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*