# Court of Appeals
# of the State of Georgia

ATLANTA,   November 10, 2015

*The Court of Appeals hereby passes the following order:*

## A16A0351. LINDSAY LASENYIK et al. v. WELLSTAR HEALTH SYSTEM, INC. et al.

Lindsay Lasenyik and Stephanie Burns ("the plaintiffs") filed suit against Wellstar Health System, Inc., a hospital staff member, and a fellow patient. The hospital filed a motion to dismiss, arguing that the plaintiffs' claims sounded in medical malpractice and thus an expert affidavit was required. The trial court agreed and dismissed counts one through four of the complaint, which involved the claims against the hospital and its staff member. The claims against the fellow patient, however, remained pending.

The plaintiffs filed a notice of appeal from the trial court's dismissal order. Both the hospital and staff member filed motions to dismiss the appeal based upon a delay in filing the transcript. The trial court granted the motions, and the plaintiffs filed this appeal. We, however, lack jurisdiction.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal. See id.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." *Johnson v. Hosp. Corp.*

*of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation and citation omitted.); see also *Underwood v. Dunn*, 215 Ga. App. 252 (451 SE2d 129) (1994). Here, because the plaintiffs' claims against the fellow patient remain pending, the dismissal order was interlocutory. Accordingly, the plaintiffs' first notice of appeal was from an interlocutory order and thus not properly filed. Accordingly, the trial court's order dismissing it is not subject to direct appeal. See *Parker*, supra.

Furthermore, because the plaintiffs' first appeal was not properly filed, the propriety of the trial court's dismissal of that appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist). And pursuant to OCGA § 5-6-48 (b) (3), an appeal of an issue that has become moot is subject to dismissal. For these reasons, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____11/10/2015_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.