# Court of Appeals
# of the State of Georgia

ATLANTA,  July 27, 2017

*The Court of Appeals hereby passes the following order:*

**A17A2022.  MICHAEL JON KELL v. JP MORGAN CHASE BANK, NA.**

JP Morgan Chase Bank, NA ("JP Morgan"), filed suit against multiple defendants, including Michael Jon Kell, First Meliorite Church, and First Meliorite Church Charitable Limited Partnership.  The trial court entered an order disqualifying Kell, who is not an attorney, from representing the other defendants.  We affirmed the disqualification order on appeal.  See *Kell v. JP Morgan Chase Bank, N. A.* (Case No. A15A0735, decided on June 30, 2015).  Then, on October 20, 2015, the trial court entered default judgment against the Church, the Partnership, and other defendants.  On November 17, 2015, Kell filed a notice of appeal from the default judgment on behalf of himself, the Church, and the Partnership.  JP Morgan moved to dismiss the notice of appeal, arguing that it is a nullity.  The court granted the motion, and Kell filed this appeal.[1]  JP Morgan has filed a motion to dismiss, arguing that this Court lacks jurisdiction to consider the instant appeal.  We agree.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008).  However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal.  See id.  Here, the November 17, 2015, notice of appeal is a nullity because it seeks review of an order that did not affect Kell himself, and Kell is not authorized to represent the Church or the Partnership.  Accordingly, the trial court's order dismissing the November 17,

_____

[1] Kell directed this appeal to the Supreme Court, which transferred the case here.

2015 notice of appeal is not subject to appellate review.

In addition, because the November 17, 2015 notice of appeal was not properly filed, the propriety of the trial court's dismissal of that appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist). And pursuant to OCGA § 5-6-48 (b) (3), an appeal of an issue that has become moot is subject to dismissal. For these reasons, JP Morgan's motion to dismiss is hereby GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   07/27/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*