# Court of Appeals
# of the State of Georgia

ATLANTA, April 14, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0240. MADDOCK v. ADAMS.**

We granted discretionary appellate review of an order in this contempt proceeding associated with a domestic relations case. Upon closer review, we have determined that the order in question is not in fact a contempt order and, consequently, we lack jurisdiction over this interlocutory appeal.

The order on appeal addressed appellant Gregory G. Maddock's failure to bring to a hearing evidence of his compliance with obligations imposed by earlier orders. In the order, the trial court continued the compliance hearing until a future date and ordered Maddock, by that date, to pay a lump sum to appellee Kimberly Kelli Adams to resolve various of his outstanding obligations. The trial court held that if Maddock paid the lump sum by that future date the compliance hearing would be canceled, but that if he did not pay that amount by that date the compliance hearing would proceed and he would have to explain his non-compliance. The trial court also warned Maddock that such non-compliance might lead to future contempt sanctions.

This order was interlocutory. It is clear from the order that the compliance hearing had not concluded and the trial court had not completed its assessment of Maddock's compliance with his various obligations. The order gave Maddock the choice of demonstrating his compliance through the lump sum payment or explaining his non-compliance when the hearing continued. Notably, the order neither found Maddock in wilful contempt nor imposed upon him a punishment for contempt. See *American Med. Security Group v. Parker*, 284 Ga. 102, 104 (5) (663 SE2d 697)

(2008) ("criminal contempt imposes unconditional punishment for prior acts of contumacy, [and] civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order"). Instead, the order contemplated that Maddock could be subject to such punishment in the future.

Consequently, the order was not a contempt order and Maddock was not entitled to immediate appellate review of it under OCGA § 5-6-34 (a) (2). See *American Med. Security Group*, 284 Ga. at 106 (7). Instead, to appeal the order, he was required to follow the interlocutory appeal procedure of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996) ("a party appealing an interlocutory order must comply with the requirements of OCGA § 5-6-34 (b), irrespective of whether the appeal is brought pursuant to OCGA § 5-6-35[, the discretionary appeal statute]"). Because Maddock "failed to follow the required interlocutory procedure, we are without jurisdiction to hear the merits of his appeal." *Bailey*, supra at 833.

We therefore DISMISS the appeal.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __04/14/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____ , Clerk.