# Court of Appeals
# of the State of Georgia

ATLANTA,  April 24, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1128. CURTIS HAYES v. LARKIN STREET HOMES, LLC.

This case arose from a dispossessory suit that Larkin Street Homes, LLC filed in magistrate court against Curtis Hayes. After Hayes raised equitable claims in his answer and counterclaim, the magistrate court transferred the case to superior court. Larkin then moved to dismiss Hayes's defenses and counterclaim, compel payment of rent into the court, and remand the case to the magistrate court. In October 2023, the superior court granted Larkin's motion and issued a writ of possession against Hayes. Hayes filed a notice of appeal from that order, and Larkin filed a motion to dismiss the appeal in the superior court, arguing that Hayes had failed to pay costs and that its claim for unpaid rent remained pending. In February 2024, the court granted Larkin's motion, and dismissed the appeal. From that order, Hayes appeals. This Court, however, lacks jurisdiction.

Under Georgia law, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, "a trial court's order dismissing an improperly filed direct appeal should be considered an interlocutory order and is not subject to a direct appeal." Id. Here, as the dismissal order makes clear, though the court had entered a writ of possession, the issue of monetary damages remained pending. Because the case was still pending, Hayes was required to file an application for interlocutory review under OCGA § 5-6-34 (b) to appeal the order. See generally *Howard v. Collins*, 170 Ga. App. 362, 362-363 (317 SE2d 630) (1984) (when a claim for rent remained pending, the issuance of a writ of possession was an interlocutory order

which was appealable only under the procedures set forth in OCGA § 5-6-34 (b)). In this case, the October 2023 order was not a final order, thus the trial court's February 2024 order dismissing Hayes's appeal is not subject to direct appeal. See id. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   04/24/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*