# Court of Appeals
# of the State of Georgia

ATLANTA,  April 26, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0305, A24D0308. DAVID DEWAYNE WILLIAMSON v. THE STATE (two cases).

In 2020, a jury found David Dewayne Williamson guilty of two counts of child cruelty, and we affirmed his convictions in an unpublished opinion. See Case No. A22A1189 (Oct. 13, 2022). Since then, Williamson has filed several pro se pleadings, including these two applications for discretionary appeal. We, however, lack jurisdiction.

As to Case No. A24D0305, the application materials reveal that Williamson filed a motion to proceed pro se, which the trial court denied on the ground that Williamson had repeatedly insisted that he was not willing to waive any of his rights. Williamson filed a pro se notice of appeal from the trial court's order, and the trial court entered an order striking the notice of appeal. Williamson now seeks appellate review of that ruling.

"[A] trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal. See id. (where party filed a notice of appeal from an interlocutory order, the trial court's order dismissing that improperly-filed direct appeal was, itself, an interlocutory order). Here, it is clear that Williamson's case remains pending before the trial court. Thus, his appeal from the trial court's order denying his request to proceed pro se was not "a properly filed direct appeal," and he is not entitled to appellate review of the trial court's order

dismissing that appeal. See id.

Regarding Case No. A24D0308, Williamson asserts that he filed a motion to correct a void sentence in January 2024[1] and that the court has not yet ruled on his motion. Nonetheless, he has filed an application for discretionary appeal.

This Court is an appellate court for the correction of errors made by the trial court; thus, we will not consider issues on which the trial court has not yet ruled. *Amica v. State*, 307 Ga. App. 276, 282 (2) (704 SE2d 831) (2010). Without a ruling from the trial court on Williamson's motion to correct a void sentence, there is nothing for this Court to review on appeal. In addition, regardless of nomenclature, it appears that Williamson's underlying motion to correct a void sentence seeks to challenge the validity of his convictions. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case," and an appeal from the denial of such a motion is subject to dismissal. Id.

For these reasons, we lack jurisdiction over these applications, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 04/26/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Williamson submitted a copy of the motion with his application, but it is not file-stamped so this Court cannot confirm when it was filed.