# Court of Appeals
# of the State of Georgia

ATLANTA,  April 26, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1233. LEMARCUS ALLISON et al. v. CALCON MUTUAL MORTGAGE, LLC.**

This case originated as a dispossessory proceeding in magistrate court. In August 2023, the magistrate court issued a writ of possession against Lemarcus Allison and in favor of CalCon Mutual Mortgage, LLC, and Allison filed a petition for review in state court. In October 2023, the state court dismissed the petition for review, finding that the initial writ of possession had been entered in September 2021 and the petition for review was not timely to either the September 2021 writ nor the August 2023 writ. Allison filed a notice of appeal from the state court's order dismissing the petition for review. On February 19, 2024, the state court dismissed Allison's appeal based on an unreasonable delay in transmitting the record. Allison has filed a direct appeal from the state court's February 19, 2024 order. CalCon has filed both a motion to dismiss the appeal and a motion for sanctions against Allison and his attorney, Clifford Hardwick, IV.

As a general rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Med. Security Group, Inc. v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal. See id. Moreover, an appeal from a state court order reviewing a decision of the magistrate court by de novo proceedings must be initiated by filing an application for discretionary review. OCGA § 5-6-35 (a) (11); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82, 82 (453 SE2d 119) (1995). See also OCGA § 5-3-5 (b) (providing that when a party files a petition for

review, the "reviewing court shall conduct a de novo proceeding").

In response to CalCon's motion to dismiss, Allison argues that he is entitled to a direct appeal because the state court dismissed his petition for review and thus did not "review" the decision of the magistrate court. This argument is not compelling because appeals from decisions of state courts reviewing decisions of magistrate courts are subject to the discretionary appeal process, see OCGA § 5-6-35 (a) (11), even if the state court dismissed the appeal from magistrate court. Cf. *Hardwick v. Barnes*, 193 Ga. App. 127, 127 (386 SE2d 927) (1989) (dismissing direct appeal when party failed to file an application following superior court's dismissal of appeal from magistrate court); *Brewer v. Bd. of Zoning Adjustment of Atlanta*, 170 Ga. App. 351, 351 (317 SE2d 327) (1984) (rejecting claim that discretionary application requirement was "inapplicable . . . where the superior court has dismissed the decision of the local tribunal without reviewing it on the merits" and dismissing direct appeal).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Allison seeks to appeal a decision of the state court reviewing de novo a decision of the magistrate court, he was required to file an application for discretionary review. He failed to do so. Accordingly, the motion to dismiss filed by CalCon is GRANTED and this appeal is hereby DISMISSED.

CalCon's motion for sanctions is hereby DENIED. However, we caution Allison and Hardwick that filing future frivolous matters in this Court will result in the imposition of sanctions. See Court of Appeals Rule 7 (b) & (e).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___04/26/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , Clerk.