**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 23, 2024**

# In the Court of Appeals of Georgia

A24A0577. PEEBLES, JR. et al. v. JB2018100, LLC et al.

DOYLE, Presiding Judge.

JB2018100, LLC, and Chunyen Liu (collectively "Liu") filed suit against Kennon Peebles, Jr., and Robert O. Kwon ("the Defendants"), among others, alleging several claims based on Liu's attempt to purchase shares of a restaurant.[1] After the Defendants moved for summary judgment, Liu moved to reopen and extend discovery and filed requests for production of documents from certain non-parties. The Defendants then moved for protective orders related to those non-party discovery requests, which motions the trial court denied, ordering them to sit for depositions and ordering them to comply with discovery requests (the "Discovery Order"). The

---

[1] The other named defendants are not involved in this appeal.

Defendants filed a notice of appeal from the Discovery Order, and on Liu's motion to dismiss the appeal after months of waiting for the Defendants to pursue the appeal, transmit the record, and pay costs, the trial court dismissed that notice of appeal. The Defendants then filed this direct appeal from the trial court's order dismissing their appeal of that court's Discovery Order.

On appeal, Liu filed a motion to dismiss with this Court, which we granted in a December 11, 2023 order, explaining that the Defendants' appeal from the Discovery Order was not a properly filed direct appeal because the order was interlocutory, and therefore, the trial court's order dismissing that improperly filed direct appeal also was not subject to direct appeal. Pursuant to the collateral order doctrine, the Defendants moved for reconsideration of our December 11 order, and on January 18, 2024, we granted the motion as it raised a colorable argument that the trial court's order might be subject to direct appeal. Now, after further review, we again dismiss the appeal, for the reasons that follow.

Under the collateral order doctrine, an interlocutory order may be appealed directly if it: "(1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had

to await final judgment, and (3) completely and conclusively decides the issue on appeal[.]"[2] "[A] discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance."[3] The Discovery Order here was directed in part to PNC Bank, National Association, (seeking Kwon's bank records) and Infinity Accounting, LLC, (seeking Peebles's office lease and evidence of rent payments), who are not parties to the case.

The Defendants contend that because PNC Bank, National Association, and Infinity Accounting, LLC, are disinterested third parties, the Defendants have the right to challenge the Discovery Order on direct appeal under the collateral order doctrine. Nevertheless, the cases cited by the Defendants are cases in which *a non-party* appeals from an interlocutory discovery order directed to a disinterested third party.[4] Here, the Defendants are parties to the case and are seeking to appeal from the

---

[2] (Citation and punctuation omitted.) *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007).

[3] (Punctuation omitted.) *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 413-414 (1) (785 SE2d 72) (2016).

[4] See *Benchmark Rehabilitation Partners v. SDJ Logistics*, 367 Ga. App. 203 (885 SE2d 224) (2023) (non-party's direct appeal from an interlocutory discovery order);

Discovery Order. In *Hickey v. RREF BB SBL Acquisitions, LLC*, we allowed a direct

appeal by a party to the case of an interlocutory discovery order directed to a

disinterested third party, but only because the party was joined in their motion by their

non-party spouse, who owned interests in the accounts at issue.[5] This Court

explained:

> [T]he Subpoena in dispute requires the production of
> documents by a disinterested third party, SunTrust Bank, and
> the Hickeys could not have challenged the Subpoena through a
> direct appeal of a contempt order. . . . The Subpoena was
> directed at obtaining documents and information associated
> with Caroline Hickey, who is not a judgment debtor. *She claims
> a privacy interest in this information, which is an important claim
> of right substantially separate from, and collateral to, other issues in
> the case.* If her information is not subject to disclosure, it cannot
> be undisclosed by a later reversal of an erroneous order. An
> appeal from the order refusing to quash the Subpoena would
> conclusively resolve that claim of right. Accordingly, we find the
> order denying the Hickeys' motion to quash to be directly

---

*Speedy Care Transp. v. George*, 348 Ga. App. 325, 325-326 (822 SE2d 687) (2018)
(direct appeal by two non-parties from trial court order denying their motion to quash
a subpoena directed to disinterested third party SunTrust Bank by one of the parties
to the case).

[5] 336 Ga. App. at 413-414 (1).

appealable under the collateral order doctrine and deny SBL Acquisitions's motion to dismiss the appeal.[6]

Unlike the privacy interests of the non-party wife in *Hickey*, the privacy interests the Defendants seek to protect here are not "substantially separate from, and collateral to, other issues in the case."[7] Therefore, the Defendants here have not shown that their appeal satisfies the first requirement of the collateral order doctrine. And because the Defendants did not have the right of direct appeal from the Discovery Order, this Court is without jurisdiction to address the trial court's order dismissing their notice of appeal of the Discovery Order.[8] Accordingly, the appeal is dismissed.

*Appeal dismissed. Hodges and Watkins, JJ., concur.*

---

[6] (Citations omitted and emphasis supplied.) Id. at 413-414 (1).

[7] Id. at 414 (1).

[8] See *Britt*, 282 Ga. at 748 (1). Because the Defendants' appeal from the discovery order was not properly filed, the propriety of the trial court's dismissal of that appeal is moot. *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997) (explaining that a moot issue is one in which a ruling is sought on a matter that has no practical effect on the alleged controversy or in which the issues have ceased to exist). See also *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008) (a trial court's order dismissing an improperly filed direct appeal is not subject to direct appeal).