# Court of Appeals
# of the State of Georgia

ATLANTA, November 05, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0510. PETER EDWIN DEAN v. ELIZABETH A. DEAN.

The trial court entered an amended final judgment of divorce between Peter Edwin Dean (the "Husband") and Elizabeth A. Dean (the "Wife") on May 7, 2025. The Husband filed a notice of appeal. The Wife later filed a motion to dismiss the appeal, arguing that the Husband failed to file the transcript and pay for the cost of the appellate record. The trial court granted the motion and dismissed the appeal. The Husband then filed this direct appeal of that order. We lack jurisdiction.

As a rule, "a trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Med. Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). However, in this case, the Husband's notice of appeal was not properly filed, so the order dismissing the appeal is not itself subject to direct appeal. See id. Appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (2); *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984). "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991). The Husband's failure to

comply with the discretionary appeal procedures deprives this Court of jurisdiction over the appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,___11/05/2025_____*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*