# Court of Appeals
# of the State of Georgia

ATLANTA,  December 10, 2014

*The Court of Appeals hereby passes the following order:*

**A15D0149.  DAVID EARL BRITT v. THE STATE.**

David Earl Britt is under indictment in Barrow County, apparently for failing to register as a sex offender.  He filed several pleadings in the superior court, including a motion to dismiss all charges pending against him, an "Application for Certificate of Probable Cause to Appeal Motion to Strike Appellees Motion to Dismiss," and a notice of appeal.  The superior court entered an order denying all requested relief and effectively dismissing the notice of appeal. Britt then filed this timely application for discretionary appeal.[1]  We, however, lack jurisdiction.

Because the charges against Britt remain pending below, the order that he seeks to appeal is interlocutory. Therefore, he was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – in order to appeal the denial of his motion to dismiss the charges and his application for certificate of probable cause.  See *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989); OCGA § 5-6-34 (b). With respect to the dismissal of his notice of appeal, "a trial court's order dismissing an improperly filed direct appeal should be considered an interlocutory order and is not subject to a direct appeal." *American Medical Security Group, Inc. v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). Because Britt had no right of direct appeal, any challenge to the dismissal of his

---

[1] Britt filed the application in the Supreme Court, where he has a pending appeal related to a separate prosecution in Gwinnett County.  The Supreme Court, however, transferred this application here upon finding subject matter jurisdiction lacking there.

notice of appeal was, itself, interlocutory, and Britt could appeal that dismissal only through the interlocutory appeal procedures. Id.; see also *Rolleston v. Cherry*, 233 Ga. App. 295, 296 (504 SE2d 504) (1998). Finally, we note that although Britt filed a discretionary application rather than a direct appeal, compliance with the discretionary appeal statute, OCGA § 5-6-35, does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6- 34 (b). See *Bailey v. Bailey*, 266 Ga. 832 (471 SE2d 213) (1996).

For these reasons, this application is hereby DISMISSED for lack of jurisdiction. Britt's "Notice of Appeal Request for Bond Motion," "Response by Applicant," and "Motion for Extension of Time to File Notice of Appeal" are dismissed as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/10/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*