## 20175. TIFT *v.* CITY OF TIFTON.

MOBLEY, Justice. In his bill of exceptions, the plaintiff in error excepts to the judgment of the Superior Court of Tift County, sustaining the general demurrer of the defendant, the City of Tifton, to the petition of T. W. Tift seeking a temporary and permanent injunction against the defendant. The question presented for decision is whether the City of Tifton complied with a statute, amending the charter of the city (Ga. L. 1958, Vol. II, p. 2696), providing for the incorporation within the city limits of Tifton of certain described territory to be annexed, followed by an election within the City of Tifton, which election the act provides shall be called in the following manner: "The governing authority shall set the date of the election for a day not less than seven nor more than

seven days after the date of the election held as provided for hereinbefore." The election was held in the territory to be annexed on April 30, 1958, and received the required favorable vote. The election within the city was then set for and held on May 7, 1958, and received the required favorable vote. *Held:*

Was the election in the city set for and held in accordance with the requirement of the statute—not less than and not more than seven days after the date of the election in the territory to be annexed? This court has not heretofore construed the meaning of these words; and the authorities in other jurisdictions are not in accord on the question, some holding that such words require clear, complete, full, or entire days. Others apply what is referred to as ". . . the general rule of computation which requires the exclusion of the first day and the inclusion of the last." See 86 C. J. S. 856, § 13 (5), and cases there cited. The general rule there referred to has been made the statutory rule of construction in this State. Code § 102-102 (8) as amended (Ga. L. 1958, Vol. I, p. 389) reads as follows: "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty, shall have through the following Monday to exercise such privilege or to discharge such duty."

This court in *Henderson* v. *Henderson*, 206 *Ga.* 23 (2) (55 S. E. 2d 578), held that "The word 'between,' as used in Code § 81-201 as amended by Rule 5 of the act of 1946 (Ga. L. 1946, p. 761), means that thirty full or clear days must intervene, without counting either the appearance day or the first day of the next regular term of court, in the computation of the 30-day period." It was there held that, since the legislature plainly and distinctly declared its intention that by the use of the word "between" it intended that thirty full, entire days must intervene between the appearance day and the next term of the court; that the word "between" is not subject to interpretation; and that therefore Code (Ann.) § 102-102 (8) has no application.

The meaning of the legislature here is not clear and distinct that it intended that seven full, entire days must intervene between the first and second elections. Consequently, Code (Ann.) § 102-102 (8) should be applied in the construction of this

statute; and applying same, the first day should not be counted and the last day should. Furthermore, since, at the time this statute was enacted, the provision of Code (Ann.) § 102-102 (8) requiring that only the first or last day shall be counted was in force, we would presume that the legislature, in view of that statute, intended and understood that the time would be computed in accordance with its provisions, and that the first day would not be counted and that the last day would.

The election was held in compliance with the statute, and the trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 8, 1958—DECIDED OCTOBER 10, 1958— REHEARING DENIED NOVEMBER 7, 1958.

*Briggs Carson, Jr.,* for plaintiff in error.

*Robt. R. Forrester, Seymour S. Owens, G. Gerald Kunes,* contra.