S97A1285. CITY OF CUMMING et al. v. REALTY DEVELOPMENT CORPORATION et al.
(491 SE2d 60)

BENHAM, Chief Justice.

We granted a discretionary appeal application in this case to consider an order finding appellants, the City of Cumming and its mayor and city council, in wilful contempt of an order remanding a zoning matter. Appellees are the owner of a tract of land and a developer which has contracted to buy the tract contingent on rezoning from Highway Business to R-3, a multi-family residential classification. Because zoning of the desired density was not available under Forsyth County's zoning ordinance, appellees sought annexation of the tract into the City of Cumming for the express purpose of seeking rezoning. The City annexed the tract, but denied a subsequent zoning application. Pursuant to appellees' complaint, the trial court found the existing zoning unconstitutional and directed appellants to reconsider appellees' rezoning application, taking into account the findings made in that order and the applicable law on the issue, and to rezone the property within 60 days. That order was not appealed. Within 60 days of that order, appellants gave appellees notice that a vote on rezoning would be held at a specially called meeting, but that there would be no hearing conducted at the meeting. The meeting was held, no argument or testimony was permitted, and appellants voted to rezone the property for industrial use, classifying it M-1. Appellees filed a complaint seeking a finding of contempt of the trial court's previous order and a finding that the rezoning was unconstitutional. Following an evidentiary hearing, the trial court found the rezoning to be unconstitutional and found that appellants had wilfully violated its previous order by rezoning the property without reconsidering the application and without taking into account the findings and conclusions of the previous order. The trial court remanded the zoning application with direction that the property be rezoned within 30 days in a constitutional manner as required by the previous order, and imposed as sanctions requirements that appellants pay $200 per day into the registry of the court until complying with the order to rezone and pay appellees' attorney fees.

1. Appellants' contention that the evidence does not support the finding of wilful contempt is at odds with the record. The trial court's previous order required appellants to reconsider appellees' application and to take into consideration the trial court's findings and conclusions regarding the property at issue as well as the requirements of this Court's decision in *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977). Appellants contend that they complied with those requirements because they accepted the recommendation of professional planners who took those considerations into account. Those planners, however, testified that they were not given a copy of and did not consider the trial court's previous order, that they did not view the property at issue prior to making their recommendation, and that they did not specifically apply the considerations enumerated in *Guhl*. All they considered was a map and the City's development plan. The evidence at the hearing supported the trial court's finding that appellants made no effort to reconsider the rezoning application or to consider, in the rezoning process, the findings and conclusions the trial court made in its first order. "If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal. [Cit.]" *Crowder v. Crowder*, 236 Ga. 612 (225 SE2d 16) (1976). Applying the standard in *Crowder*, we find no error in the trial court's determination that appellants wilfully refused to comply with the trial court's order.

2. Appellants' assertion that the trial court's order imposed inappropriate sanctions is incorrect with regard to the coercive sanction requiring payment of $200 per day until they comply with the order, but is correct with regard to the award of attorney fees to appellees.

> " 'The distinction between [criminal and civil contempt] is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order.' [Cit.]"

*Alexander v. DeKalb County*, 264 Ga. 362 (1) (444 SE2d 743) (1994). The requirement that appellants pay $200 into the registry of the court for each day they fail to comply with the order is clearly coercive, providing an incentive for appellants to comply. The award of attorney fees based on no more than being held in contempt, however, does nothing to encourage appellants to comply with the court's order and, therefore, is punitive. This Court held in *Minor v. Minor*, 257 Ga. 706 (2) (362 SE2d 208) (1987), that an award of attorney fees was not a proper sanction in a civil contempt action, but that attor-

ney fees could be awarded in a civil contempt action if there were some separate authorization for them. There, the separate authorization was OCGA § 9-15-14, and this Court approved the award. Although appellees argue that an award under OCGA § 9-15-14 would be proper in this case, there is nothing in the record to indicate that the award was based on that statute. Even if we were to assume that the award was based on OCGA § 9-15-14, the trial court's order lacks specific findings of the conduct which would justify an award under that statute, without which findings an award based on the statute must be vacated. *Porter v. Felker*, 261 Ga. 421 (3) (405 SE2d 31) (1991). Therefore, while the sanction requiring payment each day until compliance is proper, the award of attorney fees was not and must be vacated.[1]

3. Finally, appellants attack the trial court's ruling that appellants were required to conduct a public hearing after the remand for rezoning. The Zoning Procedures Law, OCGA § 36-66-4 (a), states plainly that "[a] local government taking action resulting in a zoning decision shall provide for a hearing on the proposed action." "Zoning decision" is defined in the statute as "final action by a local government which results with: . . . (C) The adoption of an amendment to a zoning ordinance which rezones property from one zoning classification to another; . . . ." The broadest possible reading of that statute would require a hearing at every step in the zoning process, which would place an unreasonable burden on the local government. We believe a narrower reading, one in which the phrase, "taking action resulting in a zoning decision," means the entire process of changing or adopting a zoning ordinance, is more appropriate. Under that interpretation, the local government is required to conduct a hearing at some point in the process leading to a zoning decision, but not at every point. For instance, a local government might conduct a hearing as the first step in the process, then table the matter until a transcript is prepared, then have a meeting, but not a hearing, at which a vote would be taken. We conclude that what the statute requires is one hearing during the continuous course of a zoning matter before the local government.

However, not all zoning matters proceed in a smooth continuum from application to zoning ordinance. As in the present case, there can be detours through the courts for consideration of action taken by the local government. When, as here, the court finds the first zoning decision unconstitutional and remands the matter to the local government, the process is, in essence, begun anew. That being so,

---

[1] This ruling does not, of course, have any bearing on the trial court's eventual consideration of the claim for attorney fees under OCGA § 9-15-14 which was filed in the trial court subsequent to the entry of the order on appeal.

another hearing would be required by the statute. Even if the local government were inclined on remand simply to grant the desired zoning classification, a hearing would be appropriate to provide the public a meaningful opportunity to be heard.

In the present case, the trial court's order remanding the matter to the City of Cumming had the effect of starting the process again. That being so, the Zoning Procedures Law required a hearing. Appellants' argument that no hearing was necessary because appellees had already made clear their desire for the multi-family residential zoning is not persuasive: just as important as an opportunity to press for the desired zoning classification would be an opportunity for the applicant to comment on or oppose a different proposed classification and, as noted above, an opportunity for the public to be heard. We agree, therefore, with the trial court's ruling that a zoning authority to which a zoning matter is remanded with direction to rezone is required by the Zoning Procedures Law to conduct a public hearing with appropriate notice and an opportunity for interested parties to take part in the hearing.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

I agree that local zoning authorities must hold a public hearing after a superior court remands a zoning case for a new zoning decision, but disagree with the specific requirement that the City of Cumming must rezone the property in this case within 30 days. Given that the Zoning Procedures Law requires the zoning authority to advertise the hearing in a local newspaper at least 15 days in advance and many communities have only a weekly newspaper, the short time frame here leaves little time for a meaningful process. Since the purpose of the Zoning Procedures Law is to "assure that due process is afforded to the general public" in zoning matters, I believe that the city should be given a reasonable time, such as 90 days, to hold a second public hearing. Under the facts of this case, however, I cannot say that the trial court has abused its discretion and thus concur in the judgment.

DECIDED OCTOBER 6, 1997.

*Alston & Bird, G. Conley Ingram, Alston D. Correll III, Sterling G. Culpepper,* for appellants.

*Dillard & Galloway, G. Douglas Dillard, Carl E. Westmoreland, Jr., James M. Lachance,* for appellees.

*Walter E. Sumner, Jenkins & Nelson, Frank D. Jenkins III, Kirk R. Fjelstul, Peter R. Olson,* amici curiae.