A08A1317. C & H DEVELOPMENT, LLC v. FRANKLIN COUNTY.

(670 SE2d 491)

RUFFIN, Presiding Judge.

C & H Development, LLC sued Franklin County and its neighboring landowner, Aubrey Lunsford, claiming, among other things, that the County failed to follow its zoning regulation and governing State law in considering and granting Lunsford's request for a conditional use permit to build four chicken houses on his property. The trial court subsequently granted summary judgment to the County on C & H's zoning claim and on its associated claim for attorney fees, costs, and expenses. C & H appeals, and for the reasons set forth below, we affirm in part and reverse in part.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in [a] light most

favorable to the nonmoving party, warrant judgment as a matter of law."[1] On appeal from the grant or denial of summary judgment, we apply a de novo standard and "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2]

So viewed, the evidence shows that C & H owned real property adjacent to and downhill from real property owned by Lunsford. Both properties are located in the County's "agricultural intensive district." The County's zoning regulation provided that poultry operations which met the district's minimum requirements constituted a "conditional use." Lunsford applied for a conditional use permit to construct four chicken houses on his property in addition to four existing chicken houses. On December 22, 2005, the County published notice in the *Franklin County Citizen* that a public hearing on Lunsford's conditional use permit request would be held by its Board of Commissioners on February 6, 2006.[3] The Board conducted the public hearing and approved the conditional use permit on Monday, February 6, 2006.

1. C & H argues that because the notice published on December 22, 2005 was "more than 45 days prior to" the February 6, 2006 hearing date, the notice failed to comply with either State law or the County's zoning regulation, rendering invalid the County's action approving Lunsford's conditional use permit. The County argues that the notice met all legal requirements. We agree with C & H.

Georgia's Zoning Procedures Law[4] "establish[es] as state policy minimum procedures governing the exercise of [zoning] power."[5] OCGA § 36-66-4 (a) provides:

> A local government taking action resulting in a zoning decision[6] shall provide for a hearing on the proposed action. At least 15 but not more than 45 days prior to the date of the hearing, the local government shall cause to be published within a newspaper of general circulation within the territorial boundaries of the local government a notice of the hearing. The notice shall state the time, place, and purpose of the hearing.

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[3] The notice also provided that its planning commission would hold a public hearing on January 10, 2006 for the purposes of taking comments.

[4] OCGA § 36-66-1 et seq.

[5] *McClure v. Davidson*, 258 Ga. 706, 709 (3) (373 SE2d 617) (1988) (quoting OCGA § 36-66-2 (a)).

[6] This includes "[t]he grant of a permit relating to a special use of property." OCGA § 36-66-3 (4) (E).

Section 1608 of the County's zoning regulation is consistent with the Zoning Procedures Law, providing that following receipt of a request for a conditional use permit, its planning director shall cause notice of the application to be published "at least one (1) time in a newspaper of general circulation in the community at least fifteen (15) days but not more than forty-five (45) days prior to the date of the public hearing before the Board of Commissioners." The publication requirement is mandatory, not directory, and a local government's "failure to comply with OCGA § 36-66-4 (a) invalidates the subject zoning action."[7]

In counting days, "the general rule of computation . . . requires the exclusion of the first day and the inclusion of the last."[8] Our legislature has also provided in OCGA § 1-3-1 (d) (3) that in construing statutes in which a period of time "is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted."[9] Applying these rules, the 46th day following the December 22, 2005, notice publication date was February 6, 2006, the date of the public hearing. Conversely, if February 5, 2006 is one day prior to the hearing date, then December 22, 2005 is forty-six days prior to the hearing date.

The County points out that if the number of days prior to publication of the notice is calculated as provided in OCGA § 1-3-1 (d) (3), that statute also provides that in measuring time, "if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." The County argues if the 45th day following publication fell on Sunday, February 5, 2006, then its Board of Commissioners was permitted to hold the public hearing on the following Monday, February 6, 2006. However, OCGA § 36-66-4 (a) required the County to publish notice of the hearing "[a]t least 15 but not more than 45 days prior to the date of the hearing," and so it is the hearing date that is the date certain from which the timeliness of the notice must be considered. Since the hearing was neither set for Sunday, February 5, 2006 nor held on that date, no pertinent date "falls on" a Sunday for purposes of OCGA § 1-3-1 (d) (3).

The County also contends that the notice was legally sufficient because the statute does not provide that the notice be published

---

[7] *McClure*, supra at 710 (3). See also *Tilley Properties v. Bartow County*, 261 Ga. 153, 154-155 (1) (401 SE2d 527) (1991).

[8] *Tift v. City of Tifton*, 214 Ga. 507, 508 (105 SE2d 584) (1958) (City of Tifton correctly determined that the day not less than seven but not more than seven days after April 30, 1958, was May 7, 1958).

[9] OCGA § 1-3-1 (d) (3).

"within" 45 days of the hearing date, and therefore *both* the date of publication and the date of the hearing should be excluded from counting the number of days, in which case "exactly and no more than 45 days elapsed." The County relies on foreign authority for the proposition that "[w]here a statute requires that a thing be done 'at least' or 'not less than' so many given days before a fixed time, it means that the given number of 'clear days' must elapse between the two terminal days."[10] Pretermitting whether this principle also applies where a statute requires a thing be done "not more than" a given number of days before a fixed time, our Supreme Court has concluded that absent a plain and distinct intent by the legislature to the contrary, such as use of the word "between," days should be counted using the method set forth in OCGA § 1-3-1, and not "clear, complete, full, or entire days."[11] Since a plain intent to depart from the generally applicable method of counting days is absent from OCGA § 36-66-4, we find that the County published notice of the public hearing more than 45 days prior to the hearing date on Lunsford's permit request. It follows that the County failed to comply with OCGA § 36-66-4 (a) as a matter of law, and the trial court erred in granting summary judgment to the County on C & H's claim that the approval of Lunsford's conditional use permit was invalid.[12]

2. C & H further contends that the trial court erred in granting the County summary judgment on C & H's associated claim for attorney fees, costs, and expenses under OCGA § 13-6-11.[13] We disagree.

Generally, questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are for the jury.[14] For purposes of OCGA § 13-6-11, however, "bad faith cannot be prompted by an honest mistake as to one's rights or duties but must result from some interested or sinister motive."[15] C & H points to no evidence showing that the County acted dishonestly or was motivated by sinister motive or ill will, and so there is no genuine issue of material fact as to the County's bad faith.[16]

---

[10] *Carson v. McDowell*, 452 P2d 828, 829-830 (Kan. 1969).

[11] *Tift*, supra at 508.

[12] See *McClure*, supra at 710.

[13] The statute provides: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

[14] See *Buckley v. Turner Heritage Homes*, 248 Ga. App. 793, 796-797 (5) (547 SE2d 373) (2001).

[15] *Rapid Group v. Yellow Cab of Columbus*, 253 Ga. App. 43, 49 (4) (557 SE2d 420) (2001).

[16] See id.

In the absence of bad faith, "there is not 'any evidence' to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties."[17] C & H argues that because the County violated both its zoning regulation and the Zoning Procedures Law, refused to correct the violation, and then forced C & H to sue, material issues of fact remain as to the County's stubborn litigiousness. Although the underlying material facts are not in dispute, a bona fide controversy clearly existed between the County and C & H as to whether those facts demonstrated a violation of the Zoning Procedures Law, and the County's defense to C & H's zoning claim was, as a matter of law, reasonable.[18] Accordingly, we affirm the trial court's grant of summary judgment as to C & H's claims under OCGA § 13-6-11.

*Judgment affirmed in part and reversed in part. Andrews and Bernes, JJ., concur.*

DECIDED NOVEMBER 24, 2008.

*Kurt D. Ebersbach*, for appellant.
*Jarrard & Davis, Angela E. Davis, Joseph C. Peake III, John C. NeSmith*, for appellee.

---

[17] (Punctuation omitted.) *Daniel v. Smith*, 266 Ga. App. 637, 638 (1) (597 SE2d 432) (2004).

[18] *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 222 (2) (308 SE2d 564) (1983) (bona fide dispute and reasonable defense precluded award of attorney fees).

