**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 5, 2017**

# In the Court of Appeals of Georgia

A17A0565. HOECHSTETTER et al. v. PICKENS COUNTY

MILLER, Presiding Judge.

This appeal presents us with a narrow issue of law: specifically, what notice is required prior to a hearing that ultimately results in a zoning decision – in this case the grant of a conditional use permit. Under OCGA § 36-66-4 (a), notice must be given at least 15 days but not more than 45 days before the hearing. In this interlocutory appeal, we must determine whether OCGA § 36-66-4 (a) requires publication of notice of a hearing at every stage of the permitting process. The trial court concluded that the notice given prior to the planning commission's meeting was sufficient and that additional notice was not required before the Board of Commissioners ("the Board") voted on the permit application three months later. As

a result, the trial court denied the appellants' motion for summary judgment seeking to invalidate the conditional use permit. For the reasons that follow, we affirm.

"We review the grant or denial of a motion for summary judgment de novo, viewing the evidence and all reasonable conclusions and inferences drawn from it in the light most favorable to the nonmovant." *Camden County v. Lewis*, 298 Ga. App. 594, 595 (680 SE2d 621) (2009). We review questions of law, such as the interpretation of a statute, de novo. *Joe Ray Bonding Co., Inc. v. State of Georgia*, 284 Ga. App. 687, 688 (644 SE2d 501) (2007).

The facts in this case are undisputed. Doug and Lynda Tatum own about 75 acres of property in Pickens County. In August 2015, they submitted a zoning request, seeking approval of a conditional use permit that would allow them to use their property for special events. Around October 15, 2015, the Pickens County Planning Commission held a public hearing on the permit application. The parties agree that the notice of the hearing before the planning commission complied with OCGA § 36-66-4 (a). Following the hearing, the planning commission recommended that the Board of Commissioners ("the Board") grant the permit with conditions.

On January 7, 2016, the Board held a work session, during which it considered the Tatums' request without taking a vote. The Board then considered and granted the

permit application at its January 21, 2016 meeting. The only notice given prior to the Board's January 21 meeting was a publication in the county's legal paper that appeared the same day as the meeting.

The plaintiffs, all neighbors of the Tatums' property, appealed the Board's decision to the Pickens County Superior Court, arguing that the permit was invalid because the Board failed to provide sufficient notice of the January 21 meeting under OCGA § 36-66-4 (a). The trial court found that the notice provided was sufficient because the Planning Commission hearing and Board meeting constituted a "continuous course of a zoning matter," which required only a single hearing to meet the minimum due process requirements. The trial court granted a certificate of immediate review, and this Court granted interlocutory review. The plaintiffs now appeal.

The sole issue on appeal is whether the notice of the October 15, 2015 planning commission hearing was sufficient under OCGA § 36-66-4 (a) to allow the Board to approve the permit at its January 21, 2016 meeting without an additional notice within the statutorily prescribed time period.[1]

---

[1] The parties stipulated that the only issue before the trial court at summary judgment was the issue of sufficient notice under OCGA § 36-66-4 (a).

The Zoning Procedures Law ("ZPL"), specifically OCGA § 36-66-4 (a), provides that

> [a] local government taking action resulting in a zoning decision shall provide for a hearing on the proposed action. At least 15 but not more than 45 days prior to the date of the hearing, the local government shall cause to be published . . . a notice of the hearing. The notice shall state the time, place, and purpose of the hearing.

A "zoning decision" means a "final legislative action by a local government which results in . . . the grant of a permit relating to a special use of property." OCGA § 36-66-3 (4) (E). "Local government" includes any county, and counties are authorized to set their own policies and procedures for conducting hearings under the ZPL. OCGA §§ 36-66-3 (1); 36-66-5 (a). A failure to adhere to the notice requirements of OCGA § 36-66-4 (a) renders the zoning decision invalid. *McClure v. Davidson*, 258 Ga. 706, 709 (3) (373 SE2d 617) (1988); *C & H Dev. v. Franklin County*, 294 Ga. App. 792, 794 (1) (670 SE2d 491) (2008).

In analyzing notice and hearing requirements under the ZPL, the Supreme Court of Georgia has interpreted the phrase "taking action resulting in a zoning decision" as set forth in OCGA § 36-66-4 (a) to mean the "entire process of changing or adopting a zoning ordinance." *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461,

4

463 (3) (491 SE2d 60) (1997). Under this interpretation, a hearing is required at only one point during the process, but not at every stage. Id. See also *City of Roswell v. Outdoor Systems, Inc.*, 274 Ga. 130, 131 (2) (549 SE2d 90) (2001) (reiterating that notice requirements do not apply to every step of the zoning process and only one hearing during the continuous course of zoning matter is required). The Supreme Court of Georgia has also found notice sufficient where there was notice of the county commission's meeting in which the permits were initially considered, even though the commission did not take any final action until a month later. See *Powers Ferry Civic Assn. v. Life Ins. Co. of Ga.*, 250 Ga. 419, 420 (2) (297 SE2d 477) (1982).

In Pickens County, the Planning Commission has the authority to conduct public hearings on applications for conditional use permits, and there must be adequate notice of this hearing, in accordance with OCGA § 36-66-4 (a). See Pickens County Code of Ordinances § 67-15, Appendix A, §§ 9.0, 14.

Here, the Pickens County Planning Commission published notice of a hearing after the Tatums filed their conditional use application, and the parties stipulated that this notice complied with OCGA § 36-66-4 (a). After the Planning Commission recommended granting the permit, the Board considered the request at its subsequent work meeting, but did not vote on the request until three months later.

This entire process undoubtedly constituted a "continuous course of a zoning matter." *City of Cumming*, supra, 268 Ga. at 463 (3). Under the relevant precedent, notice was not required at every stage of the process. *City of Roswell*, supra, 274 Ga. at 131 (2); *City of Cumming*, supra, 268 Ga. at 463 (3). Moreover, the fact that the final vote did not take place until three months after the hearing did not render the otherwise sufficient notice invalid. *Powers Ferry Civic Assn.*, 250 Ga. at 420 (2).

Accordingly, we conclude that the trial court correctly found that the notice given before the Planning Commission hearing was sufficient under OCGA § 36-66-4 (a). As such, the plaintiffs were not entitled to relief, and the trial court properly denied their motion for summary judgment.

*Judgment affirmed. Doyle, C. J., and Reese, J., concur.*