303 Ga. 786
FINAL COPY

S17G1500. HOECHSTETTER et al. v. PICKENS COUNTY et al.


BLACKWELL, Justice.

Pursuant to the Zoning Procedures Law (ZPL), OCGA § 36-66-1 et seq., before a county or municipality makes a "zoning decision,"[1] it must afford affected landowners and other interested citizens an opportunity to be heard, and to that end, it must "provide for a hearing" on the proposed zoning decision and publish notice of that hearing. See OCGA § 36-66-4 (a).[2] In August 2015, Doug

---

[1] For purposes of the ZPL, OCGA § 36-66-3 (4) defines "zoning decision" as final legislative action by a local government which results in:
> (A) The adoption of a zoning ordinance;
> (B) The adoption of an amendment to a zoning ordinance which changes the text of the zoning ordinance;
> (C) The adoption of an amendment to a zoning ordinance which rezones property from one zoning classification to another;
> (D) The adoption of an amendment to a zoning ordinance by a municipal local government which zones property to be annexed into the municipality; or
> (E) The grant of a permit relating to a special use of property.

[2] Subsection 36-66-4 (a) provides:
> A local government taking action resulting in a zoning decision shall provide for a hearing on the proposed action. At least 15 but not more than 45 days prior to the date of the hearing, the local government shall cause to be

and Lynda Tatum applied to the Pickens County Board of Commissioners for a conditional use permit for a 75-acre parcel near Jasper. The application was referred to the Pickens County Planning Commission for a hearing. Following the publication of notice, the Planning Commission held a hearing in October 2015, at which several neighbors appeared and objected to the application. The Planning Commission nevertheless recommended that the application be approved, and in January 2016, the Board approved it.

Some of the neighbors filed a petition for judicial review, asserting that they were denied a meaningful opportunity to be heard on the application. In particular, the neighbors complained that the Board failed to give notice as required by the ZPL of the January 2016 meeting at which it approved the application. The Board responded that the hearing for which notice was required under the ZPL was not its January 2016 meeting, but rather, the October 2015 hearing before the Planning Commission, and it is undisputed that proper notice of the October 2015 hearing was given to the community. The neighbors filed a motion for summary judgment, but the superior court denied it, agreeing with

published within a newspaper of general circulation within the territorial boundaries of the local government a notice of the hearing. The notice shall state the time, place, and purpose of the hearing.

2

the Board that the notice of the October 2015 hearing was enough to satisfy the ZPL. The neighbors appealed, and in Hoechstetter v. Pickens County, 341 Ga. App. 213 (799 SE2d 352) (2017), the Court of Appeals affirmed. We issued a writ of certiorari to review the decision of the Court of Appeals, and we now reverse.

The problem with the decision below is that it rests upon the premise that the October 2015 hearing before the Planning Commission (and the notice of that hearing) was enough to satisfy the notice-and-hearing requirements of the ZPL. It is true, as the Board notes, that a hearing is not required at every stage of the process that leads up to a zoning decision, and "what the statute requires is one hearing during the continuous course of a zoning matter before the local government." City of Cumming v. Realty Dev. Corp., 268 Ga. 461, 463 (3) (491 SE2d 60) (1997). But the whole point of the statutory notice-and-hearing requirements is to afford interested citizens a *meaningful* opportunity to be heard on a proposed zoning decision. See City of Roswell v. Outdoor Systems, Inc., 274 Ga. 130, 131 (2) (549 SE2d 90) (2001). See also OCGA § 36-66-2 (a) ("The purpose of these minimum procedures is to assure that due process is afforded to the general public when local governments regulate the uses of

3

property through the exercise of the zoning power."). As such, when a hearing is too attenuated in time or circumstance from the final zoning decision, another hearing may be required. Cf. Realty Dev., 268 Ga. at 463 (3) (where original zoning decision following a hearing was overturned on judicial review, another hearing was required before local government could reconsider zoning decision).

The Planning Commission in this case had no authority to make a final zoning decision, and it could only make recommendations to the Board. If an adequate record of the hearing before the Planning Commission had been made and transmitted to the Board — such that the final zoning decision of the Board could be said to have been meaningfully informed by what happened at the hearing — the hearing before the Planning Commission perhaps might satisfy the requirements of the ZPL. But it appears that the only record of that hearing is a one-page memorandum to the Board from the county director of public relations, which was prepared nearly a month after the hearing and discloses merely that the Planning Commission had heard "testimony from the applicant and considerable objections from the surrounding neighborhood in attendance." The memorandum fails to disclose even the general nature of those

4

"considerable objections," and as such, we fail to see how the memorandum informed the Board in a meaningful way of what happened at the hearing. Accordingly, it cannot be said that the hearing before the Planning Commission afforded interested citizens a meaningful opportunity to be heard by the Board on the application for a conditional use permit, and the October 2015 hearing does not satisfy the notice-and-hearing requirements of the ZPL.[3]

Judgment reversed. All the Justices concur.

---

[3] We do not hold today that, when a hearing under the ZPL is held before a subordinate advisory body (rather than the final decisionmaker itself), a contemporaneous and verbatim transcript of the hearing always must be made and transmitted to the final decisionmaker. We hold only that a record more fulsome than the one in this case is required.

Decided June 4, 2018.

Certiorari to the Court of Appeals of Georgia — 341 Ga. App. 213.

John J. Capo, for appellants.

Hall Booth Smith, Phillip E. Friduss, Jacob S. O'Neal, for appellees.