**FIFTH DIVISION
MCFADDEN, P. J.,
HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 10, 2026**

# In the Court of Appeals of Georgia

A25A2148. MCCLOSKEY INTERNATIONAL LIMITED et al. v. GJ&L, INC.

MCFADDEN, Presiding Judge.

McCloskey International Limited and James Teague appeal from an order holding them in contempt for the purported wilful violation of a prior court order and requiring them to pay attorney fees. Because the trial court abused its discretion in finding wilful contempt of the prior order, we reverse the judgment of contempt. We also vacate the award of attorney fees because it failed to identify any legal authority for such an award.

1. *Facts and procedural posture*

GJ&L, Inc., which does business as Border Equipment ("Border"), filed a complaint in Columbia County Superior Court against McCloskey and Teague,

alleging wrongful termination of a distributor agreement. McCloskey and Teague filed a motion to compel arbitration pursuant to an arbitration clause in the distributor agreement. The trial court subsequently entered a consent order, providing that "[t]he parties have agreed to conduct an arbitration in Stockholm, Sweden, under Georgia substantive law, and to stay this litigation pending the outcome of the arbitration."

The consent order directed that "[t]he parties shall jointly initiate an arbitration proceeding in Stockholm with the Arbitration Institute of the Stockholm Chamber of Commerce within seven (7) days of the date of this order." The consent order further provided that the parties had stipulated that the arbitration shall be conducted under the rules of the Stockholm arbitration institute, "except that the arbitration shall be governed by Georgia substantive law, including the Georgia Multiline Heavy Equipment Dealer Act, OCGA § 10-1-731 et seq., and the arbitration should be conducted pursuant to that stipulation."

The parties did not jointly initiate an arbitration proceeding by the seven-day deadline as ordered by the court. But three days after the deadline had expired, Border unilaterally filed a request for arbitration in Stockholm, alleging that its arbitration

request should be governed by Georgia substantive law pursuant to the stipulation set forth in the consent order. McCloskey and Teague answered the request, asserting that because the consent order deadline for initiating arbitration had not been met, the stipulation referenced in the consent order about Georgia law was no longer controlling.

Border then filed a motion in superior court seeking to compel compliance with the consent order, arguing that defendants McCloskey and Teague had violated the consent order by contesting whether Georgia substantive law applied when they answered Border's unilateral request for arbitration in Stockholm. After a hearing on Border's motion to compel, the court entered an order holding McCloskey and Teague in contempt of court for wilful violation of the consent order by contesting whether Georgia substantive law governed the arbitration request filed by Border. As contempt sanctions, the court struck the defendants' arbitration defense, lifted the stay of the lawsuit, and scheduled a trial at which Georgia substantive law would apply. The court also ordered the defendants to pay attorney fees and expenses incurred by Border "in opposing Defendants' positions on the substantive law issue after the entry of the consent order in the amount of $64,000." This appeal followed.

2. *Abuse of discretion*

McCloskey and Teague assert that the trial court abused its discretion by holding them in wilful contempt for purportedly violating the consent order. We agree.

"The discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused." *MTN Invs. v. D. Magen, LLC*, 369 Ga. App. 576, 577 (1) (894 SE2d 149) (2023) (citation and punctuation omitted). However,

> [b]efore a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied. Furthermore, the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain.

*In re Syvertson*, 368 Ga. App. 865, 867 (891 SE2d 424) (2023) (citation and punctuation omitted). See also *Alexander v. DeKalb County*, 264 Ga. 362, 364 (1) (444 SE2d 743) (1994) (criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order).

Here, the consent order expressly informed the parties that they were required to jointly initiate arbitration in Stockholm by a specific date and that they had stipulated that Georgia substantive law should govern that arbitration. It is undisputed that the parties did not jointly initiate arbitration by the specified deadline, although the parties have not explained and the trial court did not determine why the deadline was missed. The consent order did not address the effect of such a missed deadline for initiating arbitration, and it clearly did not inform the parties in definite terms what duties would be imposed upon them if they failed to jointly initiate arbitration by the ordered deadline. Pertinently, the consent order did not expressly inform them that under such circumstances, the stipulation regarding Georgia substantive law would survive the expired deadline and automatically remain in effect for any subsequent unilateral arbitration request, like the one filed by Border.

"While we review a trial court's order for gross abuse of discretion, a party may not be punished for failure to comply with the [terms of a consent] order unless those [terms] are set forth in definite terms that are express rather than implied." *MTN Invs.*, supra at 578 (1) (citation and punctuation omitted). "Because the [consent order] did not clearly and definitely inform [the defendants] that [they were] barred

from [claiming that the stipulation regarding Georgia law was no longer in effect after expiration of the filing deadline, they] cannot be [held in] contempt on this basis. . . . Accordingly, the judgment of contempt must be reversed." *In re Syverston*, supra at 867 (citation omitted).

3. *Attorney fees*

McCloskey and Teague contend that the trial court erred in awarding attorney fees. We agree.

As an initial matter, we note that an award of attorney fees is not a proper sanction for either civil or criminal contempt. See *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462 (2) (491 SE2d 60) (1997); *J. Michael Vince, LLC v. SunTrust Bank*, 352 Ga. App. 791, 796 (2) (c) (835 SE2d 809) (2019). Here, it is not clear from the trial court's order if it imposed attorney fees as a contempt sanction. But at the motion hearing, the court made comments indicating that the award of attorney fees was separate from the contempt sanctions imposed, so it appears that the court's intent was not to award attorney fees as a contempt sanction. Indeed, attorney fees may be awarded in a contempt action if there is some separate authorization for them

other than being imposed as a contempt sanction. *City of Cumming*, supra at 462-463 (2).

But "[a]s a general rule, Georgia law does not provide for the award of attorney fees even to a prevailing party unless authorized by statute or by contract." *Hall v. Hall*, 335 Ga. App. 208, 210 (2) (780 SE2d 787) (2015) (citation and punctuation omitted). The trial court's order cites no statutory or contractual authority for the award of fees in this case. Border argues that the award was authorized by OCGA § 9-15-14 (a), which allows for an award of attorney fees against a party who has asserted a claim, defense, or other position for which there was a complete absence of any justiciable issue of law or fact. But Border did not cite this statute in its motion for attorney fees and, as noted above, the trial court did not cite OCGA § 9-15-14, or any other statute, in its order as the legal basis for awarding attorney fees. Border has thus shown "nothing in the record to indicate that the award was based on that statute. Even if we were to assume that the award was based on OCGA § 9-15-14, the trial court's order lacks specific findings of the conduct which would justify an award under that statute, without which findings an award based on the statute must be vacated." *City of Cumming*, supra at 463 (2). See *Williams v. Becker*, 294 Ga. 411, 413-

7

414 (2) (a) (754 SE2d 11) (2014) (if a court awards attorney fees under OCGA § 9-15-14, it must make express findings specifying the abusive conduct for which the award is made and whether the award is made under subsection (a) or (b) or both). Because the trial court failed to make express findings or specify any legal authority for the award of attorney fees, "the fees award must be vacated and the case remanded for reconsideration." *Williams*, supra at 414 (2) (a).

*Judgment reversed in part, vacated in part, and case remanded with direction. Hodges and Pipkin, JJ., concur.*

8